IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISCTICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BRUCE R. GABEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2012 CV 50002 |
| | ) |
| ANTONIO INGARRA, OFFICER CASCIO in | ) |
| Individual and official capacities as CITY OF | ) |
| LOVES PARK POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT FOR DAMAGES UNDER TITLE
42 U.S.C.A SECTION 1983, ET SEQ

This is a Section 1983 civil rights complaint brought by the Plaintiff, Bruce R. Gabel, a citizen of the United States and resident of Loves Park, Illinois against Antonio Ingarra, in his official capacity as a City of Loves Park Police Officer and in his individual capacity, Officer Cascio, in his official capacity as a City of Loves Park Police Officer and his individual capacity for excessive use of force. Compensatory and punitive damages are sought against the individual officers. Trial by jury is demanded.

VENUE AND JURISDICTION

1. This action arises under the Fourth, Eighth, Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. section 1983, as well as Article I, Sections 2 and 6 of the Constitution of the State of Illinois.

2. Venue is proper under 28 U.S.C. section 1391 in that all of the parties reside and all of the acts complained of took place in the Northern District, Western Division.

3.  This Court has jurisdiction in this cause under 28 U.S.C. sections 1331, 1334 and 1367.

## DEFENDANTS

4.  The Defendants are Antonio Ingarra, a police officer employed by the City of Loves Park, Illinois, Officer Cascio, a police officer employed by the City of Loves Park, Illinois, several unknown police officers for the City of Loves Park, Illinois and the City of Loves Park, Illinois, a municipal corporation.

## CAUSE OF ACTION

5.  On January 23, 2011, at approximately 11:09 p.m., the Plaintiff, Bruce R. Gabel was on his way home from Neighbors Bar and Grill located at 7745 Forest Hills Road. The Plaintiff was driving a Lincoln MKZ.

6.  The Plaintiff arrived at his residence at 6584 Swansdown Dr. a short time later, pulled into his garage and exited his vehicle to observe who followed him when he noticed that he had been followed into the driveway by a Loves Park police officer.

7.  The Loves Park Police Officer was Antonio Ingarra. Officer Ingarra asked the Plaintiff for proof of insurance and his driver's license and the Plaintiff complied.

8.  The Defendant Ingarra took the Plaintiff's proof of insurance and his driver's license and returned to his squad car.

9.  After a period of time the Defendant Cacsio arrived and he and the Defendant Ingarra approached the Plaintiff's vehicle and asked him to step outside.

Case: 3:12-cv-50002 Document #: 1 Filed: 01/03/12 Page 2 of 6 PageID #:2

10. The Defendant Ingarra told the Plaintiff that he had observed the Plaintiff swerving while he was driving and also make an improper lane change. He asked the Plaintiff if he would agree to perform some standardized tests and the Plaintiff agreed.

11. The Plaintiff offered the use the inside of the garage to perform the tests because the driveway was covered with snow and the Defendant Ingarra agreed.

12. After the Plaintiff performed the tests as instructed by the Defendant Ingarra, he was told that he was under arrest for driving under the influence of alcohol.

13. As the Defendant Ingarra handcuffed the Plaintiff turned towards the squad car to look at the Defendants was attacked by the Defendants Ingarra and Cascio.

14. The Plaintiff was shoved against a wall in the garage on two occasions and his right arm was bent in an awkward manner by the Defendant Ingarra. One of the Defendants kicked the Plaintiff's legs out from under him and he fell to the floor of the garage striking his head. Defendant Cascio placed both knees and his full body weight on the Plaintiff's head and neck. The Plaintiff was then dragged out of the garage by his handcuffed arms and left bleeding on the snowy driveway for approximately fifteen (15) minutes.

15. The next thing the Plaintiff remembers is being placed in a squad car by the two Defendants.

16. As the Defendant Ingarra was backing out of the Plaintiff's driveway, the Plaintiff asked if his wife, who was home at the time, could be advised that he was being arrested and the Defendant Ingarra refused. The Defendants left both garage doors to the Plaintiff's residence open when they left for the Loves Park Police Department.

17. The Plaintiff's vehicle, which was legally parked in the garage of his residence, was towed.

18. The Plaintiff was taken to the Loves Park Police Department when the Defendant Ingarra noticed that the Plaintiff had an injury to his left ear that required medical attention. No first aid was offered by the Defendants while the Plaintiff waited for over thirty (30) minutes before an ambulance took him to St. Anthony's Medical Center where he received ten (10) stitches to his left ear.

19. The Defendant Ingarra issued criminal complaints charging the Plaintiff with the offenses of battery and resisting and obstructing a police officer.

20. The Winnebago County State's Attorney declined to prosecute the battery charge and proceeded to prosecute only the resisting and obstructing charge.

21. The Plaintiff was found guilty of resisting and obstructing a peace office after a stipulated bench trial and was sentenced to 24 months court supervision on September 30, 2011.

22. The actions of the Defendants were taken under color of state law.

23. The actions of the Defendants were reckless and callously indifferent to the Plaintiff's federally protected rights as well as those rights guaranteed by the Constitution of the State of Illinois.

24. The force utilized by the Defendants was excessive and, thus, constituted an unreasonable seizure of the Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Constitution of the State of Illinois.

25. The Defendants' actions in causing the Plaintiff's vehicle to be removed from his garage without a search warrant constituted and unlawful search and seizure violating the Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution.

26. The actions of the Defendants constituted an unlawful deprivation of the Plaintiff's liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Constitution of the State of Illinois.

WHEREFORE, the Plaintiff respectfully prays that this Court grant him the following relief, compensatory and punitive damages, costs, attorney's fees and such other relief as this Honorable Court determines to be right and just.

BRUCE R. GABEL – Plaintiff

/s/Charles J. Prorok

Charles J. Prorok  ARDC # 2258595
Prorok Law Office, P.C.
One Court Place, Suite 301
Rockford, Illinois 61101
815-964-4601 ext 105
c.prorok@comcast .net

## VERIFICATION

      The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct.  28 U.S.C. §1746; 18 U.S.C. § 1621.

Executed at Prorok Law Office     on   01/03   , 2012

/s/ Bruce R. Gabel